UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Kingdawud Burgess,                                  )<br>                                                             )<br>                         Petitioner,      )<br>                                                             )<br>v.                                                            )<br>                                                             )<br>Warden Atkinson, *FCI Edgefield*         )<br>                                                             )<br>                         Respondent.   )<br>_____ ) | C/A No.: 8:13-cv-01178-GRA<br><br>**ORDER**<br>(Written Opinion) |

This matter comes before this Court for review of United States Magistrate Judge Jacquelyn D. Austin's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(c) DSC, and filed on September 11, 2013.  ECF No. 29.  Petitioner Kingdawud Burgess ("Petitioner") filed this *pro se* petition on April 25, 2013,[1] pursuant to 28 U.S.C. § 2241.  ECF No. 1. Respondent Warden Atkinson ("Respondent") filed a Motion to dismiss, or in the Alternative, Motion for Summary Judgment on July 3, 2013.  ECF No. 18.  Petitioner filed a Response to Respondent's Motion on July 10, 2013.  ECF No. 22.

Under established procedure in this judicial district, Magistrate Judge Austin made a careful review of the *pro se* petition and now recommends granting summary judgment for Respondent and denying the petition.  ECF No. 29.  Petitioner filed a timely objection to the Magistrate Judge's Report and Recommendation.  ECF No. 32.  For the reasons discussed herein, this Court adopts the Magistrate Judge's recommendation in its entirety.

---

[1] A *pro se* prisoner's filing is deemed filed at the time that it is delivered to the prison mailroom to be forwarded to the district court.  *See Houston v. Lack*, 487 U.S. 266, 270, 108 S. Ct. 2379, 101 L.Ed.2d 245 (1988).  In the current case, the envelope was stamped by the correctional institution on April 25, 2013, so this Court will treat the petition as filed on this date.

## Standard of Review

Petitioner brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). A court may not construct the Petitioner's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993), nor is a district court required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir.1985), *cert. denied*, 475 U.S. 1088 (1986).

Petitioner brings this claim *in forma pauperis* under 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. *See* ECF Nos. 9 & 14. To protect against possible abuses of this privilege, the statute requires a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## Background

Petitioner is an inmate at the Federal Correctional Institution located in Edgefield, South Carolina ("FCI Edgefield"). ECF No. 1. Petitioner was an inmate at the Federal Medical Center Devens in Massachusetts at the time of the incident that is the basis of the current petition. ECF No. 22-7. On April 25, 2013, Petitioner

commenced this action for Writ of Habeas Corpus in which he alleges that he was denied a fair and impartial hearing because his Disciplinary Hearing Officer ("DHO") used unsupported facts to determine his guilt. ECF No. 1.

Petitioner was charged with manufacturing and possessing a weapon after camera footage showed him carrying a pair of socks and appears to show Petitioner placing an object into one of the socks during a physical altercation in Petitioner's housing unit on May 13, 2012. ECF No. 22-7. Additionally, video footage showed a man placing socks in a trash can; the socks were recovered from this trash can and a combination lock was found inside one of the socks. ECF No. 22. The matter was referred to the Unit Discipline Committee, which in turn referred the incident to the DHO. ECF No. 18-5. After a hearing before the DHO, Petitioner was found guilty and received the following sanctions: (1) 30 days disciplinary segregation; (2) loss of 41 days of good conduct time; (3) loss of six months of commissary privileges; (4) loss of six months of visiting privileges; and (5) loss of six months of phone privileges. ECF No. 22-7. Petitioner was represented by a staff representative at his disciplinary hearing and called witnesses to testify on his behalf. *Id.* The DHO considered the incident report, video footage, inmate investigative report, still photos of the incident captured on video, memos from Officer Paintsil, Lt. Lavorato, and Lt. Allred, medical documentation of inmate Gentry, and a written statement that Petitioner provided to his staff representative. *Id.* The DHO also stated that all of the witness statements were considered, and that Petitioner was "less than truthful" in describing the incident at the hearing. *Id.*

Petitioner alleges that the DHO's actions were improper because the video evidence was not sufficient to prove that he was guilty. ECF No. 1. Petitioner claims that eyewitnesses have stated that Petitioner did not participate in the altercation, and that no eyewitnesses have stated that they saw Petitioner commit the act for which he was found guilty. *Id.* Petitioner requests this Court to have an outside party view the video. *Id.* Petitioner seeks to have his good conduct time restored and to have the incident expunged from his record. *Id.*

## Discussion

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

In order for objections to be considered by a United States District Judge, the objections must be timely filed and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845–47 nn.1–3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes

general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). In this case, September 30, 2013 was the deadline for filing objections. *See* ECF No. 29. Petitioner filed an objection to the Magistrate Judge's Report and Recommendation on September 20, 2013. ECF No. 32.

Upon review of Petitioner's objection, the Court finds that his objection is non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, and repetitive since the objection merely restates Petitioner's claim that the video evidence is not sufficient to determine his guilt. As stated above, conclusory and general objections without reasons are not valid objections. *See Orpiano*, 687 F.2d at 47. Additionally, the Magistrate Judge's Report and Recommendation fully addresses and disposes of the argument that Petitioner was denied due process at his disciplinary hearing by summarizing and analyzing the procedural safeguards and requirements that were met in this case.

After a thorough review of the record and Petitioner's objection, this Court finds that the Magistrate Judge's Report and Recommendation accurately summarizes the case and the applicable law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

**IT IS THEREFORE ORDERED** that Respondent's motion for summary judgment is GRANTED and the Petition is DENIED.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

October  17 , 2013
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.